Argued and submitted October 15, 1980, affirmed February 3, 1981

# In the Matter of the Marriage of
## GIOVANINI,
*Respondent,*
*and*
## GIOVANINI,
*Appellant.*

## (No. D14-821, CA 17772)

622 P2d 772

H. Kenneth Zenger, Hillsboro, argued the cause for appellant. With him on the brief was Huffman and Zenger, Hillsboro.

Louis M. Giovanini, Beaverton, argued the cause for respondent. With him on the brief was John McCourt, Beaverton.

Before Schwab, Chief Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

In this dissolution case, wife appeals the property division, support provisions and visitation schedule. At the time of the decree husband was 56 years old, was a municipal judge and also maintained a private practice. He has net monthly income of $1,635. In 1976 he suffered a heart attack and underwent open-heart surgery. He was on medication for his heart condition and had to reduce his work load. He testified he was considering early retirement.[1]

Wife was 39 years old and, prior to her marriage, worked as a legal secretary. After their marriage the wife worked primarily in the home until husband had his heart attack. She then took a job as a computer operator, a position which she still holds. Her net salary is $981 per month. She enjoys excellent health. Wife did not request spousal support.

The parties were married for 18 years. They have three children, ages 17, 15 and 14. In the recent past, all three children have been disciplinary problems for their parents.

The trial court awarded custody of the children to wife and set a detailed visitation schedule for husband. The court ordered husband to pay $150 per month per child and divided the property between husband and wife, awarding husband, according to wife's calculations, approximately 60 percent of the assets and wife 40 percent. Attorney fees were denied to both parties.

■ Wife contends on appeal that the visitation schedule ordered by the court is unduly inflexible and is not in the best interests of the children. After reviewing the record it is understandable why the court imposed a detailed visitation schedule, as husband requested. The

---

[1] We take judicial notice that since the trial of this case and after the arguments in this court, husband was appointed to the district court for Washington County. Any change in his net income as a result of his new position is a circumstance which might be considered on a subsequent motion to modify the decree, but is not before us.

parties do not get along well, and wife has been uncooperative and has attempted to undermine husband's visitation rights. The children prefer to live with wife but also have affection for their father. Although father has obvious parenting problems, the children need his influence.

We conclude that the visitation schedule should not be altered.

■ Wife further contends that the award of $150 per child was inadequate. Wife had requested $200 per child per month. Considering the parties' net monthly incomes at the time of the trial and the children's present social standing, the sum awarded is adequate.

■ Wife argues that the court erred in failing to include in the decree as an aspect of child support the requirement that husband maintain his employment-related medical and dental insurance for the benefit of the minor children and designate them as primary beneficiaries on his life insurance policies during the period he is required to provide monetary support for them. There is nothing in the record concerning husband's insurance policies other than a very brief discussion during wife's testimony regarding the medical insurance from her employer for the benefit of her children and herself and the fact that some of the parties' outstanding medical bills were not covered by either her policy or husband's. In view of the state of the record, the trial court did not err.

■ Finally, wife contends the trial court erred in awarding husband the "long half" of the parties' assets. According to wife's figures, which the trial court accepted, husband was awarded approximately 60 percent of the assets and wife forty percent. We conclude, however, that wife's valuation of husband's City of Beaverton retirement fund at a figure of $7,571 is approximately $3,800 too high, because she included a nonvested portion of the fund. Additionally, husband was awarded approximately $6,900 worth of lawbooks and office equipment, a large portion of which he owned prior to the marriage. With these considerations, the trial court's distribution of the marital assets does not appear inappropriate under the facts of this case.

Considering the fact that husband is 56, 17 years older than wife, suffers from a serious heart condition and may face early retirement, and that the wife nets approximately $12,000 per year, is 39 years old and enjoys excellent health, we conclude that the trial court did not err in its division of the assets. *Glatt and Glatt,* 41 Or App 615, 622, 598 P2d 1237 (1979).

■ Finally, wife contends that the trial court erred in refusing to award her attorney fees. The trial court stated in its letter opinion of February 13, 1980:

"In regard to attorney fees, I have concluded that the sale of the house and the division of the proceeds of that sale should generate sufficient sums for the parties to pay their own attorneys fees and costs and therefore none will be awarded to either party."

This conclusion was not an abuse of discretion.

Affirmed. No costs to either party.